UNITED ATATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 22-1329

MICHAEL A. D'ANTONIO
APPELLANT

VS

BOROUGH OF ALLENDALE, STILES THOMAS, JOHN ALBOHM, DAVID BOLE ESQ., DAVID PFUND ESQ., MARY MCDONNELL ESQ., LOUIS CAPAZZI, THOMAS P. MONAHAN, PASSAIC RIVER COALITION BERGEN COUNTY SHERIFF'S DEPARTMENT, RICHARD EPSTEIN ESQ.

DEFENDANTS

MOTION SEEKING LEAVE OF THE COURT TO FILE AN AMENDED PETITION FOR REHEARING PURSUANT TO FRCP 59 (a) (B) (2) FRCP 60 (a) (b) (1) (3) (d) (3).

IN RESPONSE TO THE PANELS DECISION TO AFFIRM THE LOWER COURTS DECISION, BASED UPON ERROR AND FOR FAILURE TO SUBMIT MEMORANDUM OF LAW EXPLAINING THE PANELS DECISION TO AFFIRM THE LOWER COURTS DECISION ON EACH COUNT SUBMITTED IN APPELLANTS INITIAL COMPLAINT.

## BRIEF IN SUPPORT OF MOTION

This Brief is in support of reconsideration of the En Banc Panel's decision to affirm the lower courts decision.

This panel included an error in their affirmation as submitted by N.J.14A:12-99(2)(e) which stated that the Corporation shall continue its corporate existence not carry on new business and make no further submission by support of the statute as the property whether corporate or personally owned was illegally foreclosed upon. The error is two fold in that the Panel submitted a statute that was ratified 13 years after the corporation was closed.

The panel errs in it's statement when it states *"no further submission by support of the statute as the property whether corporate or personally owned was illegally foreclosed upon"* the Appellant clearly submitted the Orders of Judge Innes compelling the Sheriff to return 2 such large sums of moneys which were illegally submitted to the Sheriff's Department and refused to be returned by the Sheriff's Department.

Further the adverse conduct of the Immigrants Bank Attorney Richard Epstein a named Defendant who made the illegal money transactions

immediately resigned his status as an Attorney in New Jersey assigned all active files in his office to his Daughter, upon which time the daughter closed the Law Office sold the family house and relocated to the mother and fathers new residence in South Carolina. The Lower court failed to allow the appellant the right to Name the Emigrant Bank as a Defendant, this panel failed to reverse by right to Amend a proceeding in the interest of Law and Justice being served, about the illegal eviction ***The Panel Errs in its decision*** and the Panel failed to recognize the cite precedent of Justice Harlan in Sniadach vs Family Finance wherein ***the Litigant is entitled to the return of his home in the absence of final Notice of the Sheriff's sale. In this matter Richard Epstein paid $13,000.00 to the Captain Edgars of the Bergen County Sheriff's* Dept *to NOT SEND the final Notice of Foreclosure Sale.* This *automatically warrants the return of the Plaintiff's Home. This is an error on the Panels decision to reverse or remand to the lower court***. The Appellate Panel Errs in the fact that they did not remand or reverse that portion of Appellants brief submitted on Page 8 October 19, 2022 by not the lower Court not applying N.J.,S.A. 12A 9-5003504 Franklin Bank vs Parker 136 NJ Super 476, 346A 2D 1975 wherein Plaintiff recovers Mortgage Premises in the absence of final notice of sale by Bergen County

sheriff's Department Captain Edgars and several other officers of the Sheriff's Department were terminated.

**The Panel Errs in its decision to affirm** on the count of denying Appellant the right to develop his property under the Federal Affordable Housing Act of 1968 wherein Defendant Stiles Thomas who has since sold his house and now lives in Massachusetts caused a reason for lack of completion of the Borough's requirement to create affordable housing. Mr. Thomas convinced the Borough to flood 18 acres of a former Celery farm and to declare the 3.3 acres of Appellants property and the 21 acres directly behind the Appellants home to be called wetlands. Proof having been submitted as the Army Core of Engineers affirmed that these properties **are not wetlands** all these statements of material facts have not been denied or proven false in a Memorandum of Law or any other form of proof to sustain the Panels decision to Affirm.

**The Panel errs in the affirmation of the Judgment** wherein it violated the Appellants Constitutional Rights. The Panel did not review the documents in Evidence on the ECF system which proves that in 2007 the Borough of Allendale on a Budget of $33million Dollars deposited $76 million dollars in the main bank account meaning that the Borough had $43 million dollars

more than they needed to operate the Borough.

**The Panel Errs in its decision to not abide or apply the language of the 3 Independent Auditors reports** where it is confirmed that illegal practices were occurring and that the audit discovered 70 sub bank accounts also submitted on the ECF System in evidence.

**The Panel errs in its decision to not reverse the lower courts decision in awarding the Appellant the right to exercise the appellants $6 million dollar Judgment** against Jack Levin Owner of record for 26 years who did not pay taxes the Borough of Allendale and the Passaic River Coalition which, acted in concert and administered an illegal In Rem Foreclosure proceeding against Jack Levin who for the past 20 years did not pay taxes on the 21 acres under an illegal deal with Stiles Thomas and the Borough to not build 34 luxury homes and not complete the $3million dollar drainage system which ultimately decimated Appellant's back portion and the lost of two building lots.

**The Panel errs in its decision and is in violation of Rule 61 Harmless Error** "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights Appellants substantial rights are violated in that the Appellant was

denied every violation of Federal Law as submitted in the Original Complaint. The Panel did not speak of the supporting documentation of the three Expert Accounting and Management Reports Plaintiff's Due Process and Equal Protection Rights and Section 1983 claims and Section 1981 (7) failing to follow the Law as to Municipal funds train. The CFO Paula Favata and Borough Attorney hid the surplus real estate taxes in the 70 sub-bank accounts denying Plaintiff the benefit of his personal property to with $200,000.00 in over taxation as the Borough Doubled only the Appellants property tax and none of the other 8,500 residents.

**The Panel errs in its decision by not remanding the submission of appellant as submitted in Appellants Brief for the Construction of 240 moderate income rental housing units to comply with Federal Law.**

Stiles Thomas a Defendant submitted a fictitious photograph of a Barred Owl to the NJDEP causing an Obstruction of Justice and denial of appellants right to build the 34 luxury homes and the 240 moderate income rental units.

**The panel errs in its decision** for failing to grant Appellant relief under the Federal Affordable Housing act of 1968 or reversing or remanding

the lower Courts ruling.

**The Panel errs in its decision** by not granting financial relief and protection to the appellant through the Borough of Allendale's Insurance Rider purchased specifically in the appellants name.

The Appellate panel errs in its lack of Communication with the SEC Security and exchange Commission to verify the Appellants statements s to the Borough attorney the CFO the Chief of Police and 15 other personnel connected to the Financial aspects of the Borough. Who stole the interest from the investments of the surplus funds divided them among the Mayor and Counsel and other Borough employees and Did NOT PAY INCOME TAX on the stolen interest.

The Panel failed to admit that none of the Defendants denied any material facts on the record. allegations in Appellants complaint not the fact that David Pfund Esq Attorney representing the Borough of Allendale falsified the submission of fake employees to filter the stolen interest earned from the surplus real estate taxes.

**The Panel errs in its decision** by not remand/reversing the Town's and Stiles Thomas' position as to misclassification of Wet Lands on acres of land on Petitioner's property and the 21 Acres due Appellant under Writ of

Execution and Judgment against Jack Levin for dumping millions of gallons of water runoff decimating Appellants land denying Appellant from building 2 new houses. The Panel failed to find Stiles Thomas and the Borough for colluding to not install a $3milliom dollar water detention system

**The Panel Errs in it decision by** not reverse/remanding the presence of the Army Corp of Engineers determination that the Lands in Question are NOT WETLANDS .

**The Panel errs in its decision** by not compelling the Borough of Allendale and the employees who stole the interest on the diverted surplus tax revenues, and the Panel did not enforce the requirement of compelling the recipients of the diverted funds to pay income taxes.

**The Panel errs in its decision** by not finding the Pfund McDonnell Law firm for Obstruction of Justice by concealing the fraudulent payroll checks in the submission of evidence in Court.

**The Panel errs in it decision** by denying Appellant Due Process and Equal Protection under the Civil Justice Reform Act 1990 28 U.S.C. sec 476.

**The Panel errs in its decision** by not conforming to Effect of Failure to Deny claims as submitted. **The Panel errs in its decision** by not conforming the establishment of Article III Standing; A Plaintiff must demonstrate:

(1) an injury, Plaintiff lost $840,000.00 in equity in the property, Plaintiff lost development equity in the construction of Affordable Housing rental Units. Plaintiff lost $200,000.00 in Property Tax overcharges.

(2) Traceable conduct of the Defendants for Rico Violations of Money Laundering, Mail Fraud and Wire Fraud supported by the findings and enforcement of **the Security and Exchange Commission**

(3) Termination of the Borough Attorney, Borough Chief of Police, Borough CFO and 15 other employees in the finance area of the Borough

(4) The Panel fails to accept and adjudicate the findings of the Financial Reports of the 3 Expert Witness Accounting Firms

**The Panel errs in its Decision** by not ruling or enumeration of the cite Precedents listed on Page 14 Appellants Motion to the Panel,

**The Panel errs in its decision** by not addressing the Insurance Rider paid by the Borough of Allendale indicating Presumptive Protection from the Pending litigation.

**The Panel misapplied it decision to affirm the Lower Courts Ruling as to the Rule of Law and the evidence.**

Appellant respectfully requests a reversal of the affirmation and Rule in Compliance with Federal Rules and regulations

Plaintiff requests relief from Judgment on the following sections of FRCP 59 (a)(B) (2) FRCP 60 (a) (b)(1) (3) (d) (3).

(a) The Panel did not address all the issues as submitted by the Appellant causing clerical mistakes or a mistake arising from oversight or omission whenever one is found in s judgment or the record.

(b) (2) evidence not refuted or dismissed by order

(b) (3) Fraud Misrepresentation or misconduct by opposing party

(d) (3) set aside a judgment for fraud on the Court.

**CERTIFICATION OF SERVICE AND COMPLIANCE**

**I CERTIFY** that I caused an Original of this Amended Petition requesting leave of the Panel to reverse and rule on the Merits and Law and the cite Precedents submitted to the United States Court of Appeals 21400 United States Courthouse 601 Market Street, Philadelphia Pa. 199106-1790 Certified Mail RRR # 7022 0410 0002 4247 8920 and request that service to the Named Defendants be made by the Clerk posting same on the ECF System. Plaintiff submits the Motion predicated upon the citing of the FRCP Rule 59 (B)

1-27-2023

Michael A. D'Antonio

-10-

MICHAEL DANTONIO
PO BOX 55
ALLENDALE, NJ 07401

CERTIFIED MAIL



7022 0410 0002 4247

**RETURN RECEIPT REQUESTED**

UNITED STATES C...
601 MARKET
PHILADELPHIA